UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

TYRONE CREIGHTON,

                Plaintiff,

        -against-

THE CITY OF NEW YORK, NYPD POLICE
OFFICER, DONALD E. SEHL (SHIELD #1527)
JANE DOE and JOHN DOE (the names being fictitious as
their identities are unknown)

                Defendants.
------------------------------------------------------------------ x

Dkt No. 23-CV-4497

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of Plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3. The Jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Tyrone Creighton ("Mr. Creighton" or "Plaintiff") is an African American male resident of BRONX County, in the City and State of New York.

7. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named Defendants herein.

8. NYPD Police Officer Donald E. Sehl, Shield 1527 ("Defendant Sehl"), at all times relevant herein, was a police officer, employee and agent of the NYPD. Defendant Sehl is sued in his individual and official capacities.

9. NYPD Police Officer Donald Sehl, ("Defendant Dym"), at all times relevant herein, was a lieutenant, employee and agent of the NYPD. Defendant Dym is sued in his individual and official capacities.

10. At all times relevant Defendants Jane Doe and John Doe were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of Defendants Jane Doe and John Doe.

11. At all times relevant herein, all of the Defendants, including, Jane Doe and John Doe were acting as agents, servants and employees of the City of New York and the NYPD. Defendants Jane Doe and John Doe are sued in their individual and official capacities.

12. At all times relevant herein, all individual Defendants (collectively "Defendants") were acting under color of state law.

## STATEMENT OF FACTS

13. On March 4, 2022, at approximately 6:00 p.m., in the vicinity of Home Street and Prospect Avenue, Bronx County, the Plaintiff was arrested without just cause.

14. Around the time of arrest, the Plaintiff, TYRONE CREIGHTON, was going to the grocery store.

15. The Plaintiff was approached by an undercover NYPD officer, Defendant Jane Doe, who asked him if she could buy drugs.

16. The Plaintiff responded that "he didn't know anything about that."

17. The Plaintiff went inside the store and requested a lighter.

18. Plaintiff had committed no crimes and was doing nothing wrong.

19. Upon exiting the store, the Plaintiff was rushed by Defendants Sehl and John Doe as well as other NYPD officers.

20. After being arrested, the Plaintiff was searched, but no drugs or other contraband was recovered from Plaintiff.

21. Plaintiff was forced to remain inside a holding cell.

22. The Plaintiff was detained for approximately two (2) days.

23. Plaintiff was charged with criminal possession of a controlled substance.

24. Upon information and belief, the Defendants forwarded false information to the Bronx District Attorney's Office.

25. Defendants falsely told the Bronx District Attorneys' Office that Plaintiff was involved in the criminal possession of a controlled substance.

26. Plaintiff sustained physical and emotional injuries as a result of the incident.

27. The arrest, imprisonment and the physical contact were all without just cause, provocation, and said actions were excessive, offensive to claimant, unprivileged and without consent.

28. Upon information and belief, after appearing for court multiple times, on or about October 4, 2022, all charges were favorably dismissed against the Plaintiff.

29. As a result of the foregoing, Mr. Creighton has suffered physical and emotional injuries including but not limited to depression, fear, embarrassment, humiliation, emotional distress, frustration, anxiety, post-traumatic stress and loss of his liberty.

30. Within ninety (90) days following the occurrence of the incidence complained of in this Complaint, Plaintiff filed a written Notice of Claim with Defendant City of New York pursuant to General Municipal Law 50-e.

31. Thirty (30) days since the filing thereof have elapsed without adjustment or payment of Plaintiff's claim.

## FIRST CLAIM
### False Arrest
### (Against the Individual Defendants)

32. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

33. The Individual Defendants violated the Fourth and Fourteenth Amendments because they arrested Plaintiff without probable cause.

34. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### Malicious Prosecution
### (Against the Individual Defendants)

35. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

36. By their conduct, as described herein, and acting under color of state law, the Indivual Defendants are liable to Plaintiff under 42 U.S.C. § 1983 for violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

37. The Individual Defendants maliciously commenced a criminal proceeding against Plaintiff, charging him with criminal possession of a controlled substance.

38. The Individual Defendants' unlawful actions were willfully, knowingly, with malice and with the specific intent to deprive Plaintiff of his constitutional rights.

39. The prosecution by the Individual Defendants of Plaintiff constituted malicious prosecution in that they commenced the criminal proceeding against the Plaintiff without any basis.

40. The prosecution by the Individual Defendants of Plaintiff constituted malicious prosecution in that they continued with the criminal prosecution against the Plaintiff without any basis.

41. The criminal prosecution was terminated in Plaintiff's favor.

42. As a direct and proximate result of the misconduct and abuse of authority stated above, Plaintiff sustained the damages alleged herein.

## THIRD CLAIM
### Denial of the Right to a Fair Trial
### (Against the Individual Defendants)

43. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

44. The Individual Defendants forwarded false evidence to prosecutors about Plaintiff.

45. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the Individual Defendants violated Plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

46. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Failure to Intervene

47. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

48. Those Individual Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

49. Accordingly, the Individual Defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

50. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### State Law False Imprisonment and False Arrest

51. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

52. By their conduct, as described herein, the Individual Defendants are liable to plaintiff for falsely imprisoning and falsely arresting plaintiff.

53. Plaintiff was conscious of his confinement.

54. Plaintiff did not consent to his confinement.

55. Plaintiff's confinement was not otherwise privileged.

56. Defendant City of New York, as an employer of the Individual Defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

57. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

### Negligent Hiring, Training, and Supervision Under State Law Against Defendant City of New York

58. Plaintiff repeats and realleges each and every allegation contained in the aforementioned paragraphs of this Complaint.

59. Upon information and belief, Defendant Sehl had five (5) substantiated allegations of

misconduct against him in the Civilian Complaint Review Board.

60. By virtue of the foregoing, Defendant THE CITY OF NEW YORK is liable to Plaintiff because of its intentional, deliberately indifferent, careless, reckless, and/or negligent failure to adequately hire, train, supervise, and discipline its agents, servants and/or employees employed by the NYPD with regard to their aforementioned duties.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against Defendants as follows:

(a) Compensatory damages against all Defendants, jointly and severally;

(b) Punitive damages against the Individual Defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated: My 30, 2023
New York, New York

BRUSTEIN LAW, PLLC

_____/s/_____

Evan Brustein
299 Broadway, 17th Floor
New York, NY 10007
(212) 233-3900
CONDE LAW FIRM, PLLC.

_____/s/_____

Marion Conde da Silveira

299 Broadway, 17th Floor
New York, New York 10007
(917)470-2837
*Attorneys for Plaintiff*